US Dist Court Southern Dist of Illinois East St.Louis Division

Steven D Lisle JR #R40159
    vs    Plaintiff
Luitenet G   Defendants

) NO. _____
) Complaint   19-427-SMY
) Jury Trial Requested

SCANNED AT MENARD and E-mailed
4-16-19 by PS 43 pages
date  initials  No.

## I. Jurisdiction & Venue

This is a Civil action authorized by 42 usc sec 1983 to redress, The deprivation Under Color of State law, of rights Secured by the Constitution of the united states, The Court has Jurisdiction under 28 usc sec 1331 and 1343(a)(2) Plaintiff Seeks declaratory relief pursuant to 28 usc sec 2201 and 2202. Plaintiffs Claims In Junctive relief are authorized by 28 usc sec 2283 and 2254 and rule 65 of the Federal rules of civil procedure The southern District of Illinois An appropriate venue under 28 u.s.c. Sec 1391 (b)(2) because it is where the events giving rise to this claim occured

## II. Plaintiffs

Plaintiff Steven D Lisle JR is and was at all times mentioned here in a Prisoner of the State of Illinois in the Custody of Illinois department of Corrections. He is currently confined in menard correction Center In menard Illinois address Po Box 711 Kaskaskia street menard IL 62259

| Defendants | Position/Title |
|---|---|
| Luitenet G- Internal Affairs | Frank lawerence-Warden Major-officer |
| Taylor - Internal Affairs - | Doe's-menard Employees Murry Ann-Nurse |
| Luitenet Bridges- Luitenet | Wine-Gallery officer Porter-officer |
| Jones-Sergeant | DR. Levey-Mental health |

Address Po Box 1000 Kaskiskia street Menard IL 62259

Each Defendant stated above issued individually and in his or her official Capacity and "municipality at all times mentioned In this complaint each defendant acted under the Color of State Law

1 of 43

III Previous lawsuit

See Exhibit 1

# FACTS

IV₀ Eighth Amendment ExcessiveForce Claim Count 1

A₀ | Officer (Major) Is A Correctional Officer At The Menard Institution. One Of His Duties Is To Provide Safety & Security To Inmates.

1. Through The Hours Of 6:00 PM-11:00 PM On March 29, 2019. After Medical Nurse Marry Ann Handed Plaintiff His Psychotropic Medication Through The Six* Gallery Cell 39 Chuck Hole Area.

2. Defendant Major Then Used ExcessiveForce By Slamming Plaintiff Hand In The Chuck Hole, Next He Punched Plaintiff Medication Out of His Hand Then He Begun To Punch Slammed And Try To Break Plaintiff Arm Untill, Plaintiff Arm Was Bruised Cut Bloody And Displayed Blood Clots And Cuting His Vein Area Causing massive Bleeding.

3. Defendant Action's Made Him Liable And Constituted ExcessiveForce Cruel And Unusual Punishment A Eighth Amendment violation of The U.S.C. See Exhibit 2

B₀ | Officer (Doe) Is A Correctional Officer AT The Menard Institution. One of His Duties Is To Provide Safety & Security To Inmates.

1. Through The Hours of 6:00 PM-11:00 PM On March 29, 2019. After Medical Nurse Marry Ann Handed Plaintiff His Psychotropic Medication Through The Six* Gallery Cell 39 Chuck Hole Area.

2 Defendant Doe Then Used Excessive Force By Assisting Officer Major In Assualting Plaintiff By Slamming Pulling Punching And Attempting To Break Plaintiff Arm Through The Chuck Hole Area. Untill Plaintiff Arm Was Cut Bleeding Displaying Blood clots And Cutting Plaintiff Vein Area causing

Causing Massive Bleeding.

3. Defendant Actions Made Him Liable And Constituted Excessive Force Cruel And Unusual Punishment A Eighth Amendment Violation Of The U.S.C.

See Exhibit 2

Eighth Amendment Failure To Intervene Claim Count 2

A. On March 29, 2019 After Defendant (Major) Participated And Observed His Co-Worker Doe Using Excessive Force Against Plaintiff. See Count 1 Of This Complaint.

1. Major Actions And Failing To Intervene To Stop His Co-worker From Assualting The Plaintiff Made Him Liable And Constituted Failure To Intervene Cruel And Unusual Punishment Deliberate Indifference A Eighth Amendment Violation Of The U.S.C.

See Exhibit 2

B. On March 29, 2019 After Defendant (Doe) Participated And Observed His Co-Worker Major Using Excessive Force Against Plaintiff. See Count 1 Of This Complaint.

1. Doe Actions And Failing To Intervene To Stop His Co-worker From Assualting The Plaintiff Made Him Liable And Constituted Failure To Intervene Cruel And Unusual Punishment Deliberate Indifference A Eighth Amendment Violation Of The U.S.C.

See Exhibit 2

C. On March 29, 2019 After Defendant (Marry Ann) Medical Nurse Handed Plaintiff His Psychotropic Medication To Take. And Observed Defendants Major And Doe Begun To Use Excessive Force Against Plaintiff And Punching His Medication Out Of His Hand See Count 1 Of This Complaint.

4

1c. Marry Ann Actions And Failing To Intervene To Stop Both Officers Major And Doe From Assualting Plaintiff Repeatedly Made Her Liable Where

(1) MarryAnn Was Armed With A Institution Security Walkie Talkie Where she Could Have Intervene By Notifying Other Security Employees or Superior To Intervene To Stop Defendants Major And Doe From Repeatedly In Front of Her Assualting Plaintiff (2) Marry Ann Called Have Called out For Other Security Employees To Intervene And stop Both Defendants From Assualting Plaintiff (3) Marry Ann Could Have Intervene By Reporting Both Defendants Actions Of Assualling Plaintiff. But Instead MarryAnn Failed To Intervene IN ANY Way To Stop Defendants From Assualting Plaintiff, Which Constituted Failure To Intervene Cruel And Unusual Punishment Deliberate Indifference A Eighth Amendment Violation of The U.S.C.

See Exhibit 2

Eighth Amendment Deliberate Indifference To Serious Medical Needs Of Suicide Claim (count 3)

A.o Defendant (Marry Ann) Is A Medical Nurse At The Menard Institution One Of Her Duties Is To Provide Safety And Medical Care To Inmates.

1.o Through The Hours of 6:00 PM - 11:00 PM On March 29, 2019.
After Providing Plaintiff With His Psychotropic Medication And Witnessing Defendants In Count 1 Assualt Plaintiff. Marry Ann Was "Aware" Plaintiff Was A Seriously Mentally Ill Inmate Who Had Been off Of Suicide Watch For No Longer Then 35th Hours Who Was In A Fragile Mental State After Being Visciously Attack By Officers Who Also Destroyed Plaintiff Psychotropic Medication That She Handed Plaintiff MarryAnn Was Also Aware Of Plaintiff Last Time Taking His Psychotropic Medication Was At About 3:00 AM On March 29, 2019 Marry Ann Was Also Aware Of Plaintiff History In

5

Self Indurious Behavior. And With This Knowledge After Seeing That Plaintiff Mentally Snap Do To officers Previous Attack On Him And Destroying His Medication Which Triggered Plaintiff To Grab "Available" Glass Paper Clips Metal & Screws And Swollow All Items In A Attempt Suicide And Self Indurious Behavior. Marry Ann Witness This Than Stated out Loud To Plaintiff ImNot Going To Report This And Walk off Denying Plaintiff Medical Attention.d. This Made Her Lisble And Constituted Deliberate Indifference To Serious Medical Needs Of Suicide Cruel And Unusual Punishment A Eighth Amendment Violation of The USC.
See Exhibit 2

Bo On March 29, 2019 Defendant (Major) Watched Plaintiff Swollow Glass, Metal, PaperClips & Screws And Also Allowed Plaintiff A Known Serious Mentally Ill Inmate To Hang His Left Arm Out of The Chuck Hole And Repeatedly Cut on His Self With A Metal objects Untill Plaintiff Arm Drip Blood Down His Arm unto The Gallery And Also Allowing Plaintiff To Spit up Blood out His Mouth on The Gallery From The objects He Previous Swollowed In Front of Him. Major Refused To Provide Plaintiff With Any Medical Attention Major Allowed Plaintiff To Cut On His Self For Up To 3rd Hours From The Hours of 6:00 Pm - 11:00 Pm

1. Major Actions Made Him Liable And Constituted Deliberate Indifference To Serious Medical Needs of suicide Cruel And Unusual Punishment A Eighth Amendment Violation of The U.S.C.
See Exhibit 2

Co On March 29, 2019 Defendant (Doe) Watched Plaintiff Swollow Glass Metal, PaperClips & Screws And Also Allowed Plaintiff A Known Serious Mentally Ill Inmate To Hang His Left Arm out of The Chuck

Hole And Repeatedly Cut On His Self With A Metal Object untill Plaintiff Arm Drip Blood Down His Arm un to The Gallery And Also Allowing Plaintiff To Spit up Blood Out His Mouth On The Gallery From The objects He Previous Swollowed In Front Of Him. Doe Refused To Provide Plaintiff With Any Medical Attention. Doe Allowed Plaintiff To Cut On His Self For up To 3# Hours From The Hours of 6:00 PM - 11:00 PM. 1o Doe Actions Made Him Liable And Constituted Deliberate Indifference To Serious Medical Needs Of Suicide Cruel And Unusual Punishment A Eighth Amendment Violation Of The U.S.C. See Exhibit 2

First Amendment - Retaliation - Claim Count 4
Ao  Defendant (Major) Retaliated Against Plaintiff By using Excessive Force And Denying Him Medical Attention etc' See Count 1-3

1o Defendants Reason's For Retaliating Against Plaintiff Was Based On. (1) After Plaintiff Complained About The Way Medical Nurse's And Security Tryed To Force Plaintiff To Accept His Medication Hand Cuffed And Not Being Allowed To See What The Nurses Was Placing In Plaintiff Mouth. Defendant Major Tryed To Inflict Physical Harm on Plaintiff By Yanking The Handcuffs on His Wrist To Prevent Defendant From Further Harming Plaintiff He Yank Forward Which caused The Hand Cuff Device That Defendant was using To Harm Plaintiff To Brake. Which stop Defendant Method And Style To Inflict Pain on Plaintiff See Exhibit 2-3 Further (2) After Plaintiff Was Giving A Poisonous "Substance" By Nurse Cassandra Chitty And He Exposed Her Act's Infront of Defendant Major And Other Menard Employees In A Attempt To Conceal Nurse Chitty Acts And To Take The Poisonous Substance From Plaintiff Possession Defendant Major With Numerous Officers Tryed To Brake Plaintiff Wrist By using A Method And style Of Yanking Plaintiff Handcuff's See Exhibit 2 And 4-5 Also See Lisley Sierra senor-Moore NO 19 cr 00163 NJR Further (3) Correctional Guards Attempted To Poison Plaintiff By Handcuffing Him

My Medication And Threating A Medical Nurse Name Brenda Not To Provide Me
Of Me To Allow Me The Way She Wanted To, Which Was By Opening My Medication In Front
Me To Allow Me To See What Medication She was Providing Me After
She Discovered That Medical Nurse Chitty Tryed To poison me By

Placing A Roach or Rat House Hold Poison Toxic Chemical In My Psychotropic Medication

At This Time Plaintiff Refused To Give officers Back The Hand Cuffs After officers

Tryed To Fracture Plaintiff Wrist In Handcuffs Because He complained About

officers "Threating" The Nurse Not To Give Plaintiff His Medication The way

She Wanted To See Exhibit 2 And 6 (4) Do To Plaintiff Filing A 1983

Civil suit And suing Defendant Major And Nurse Chitty For using Excessive

Force And Attempting To Kill Him The Menard Institution Stop officers

From Forcing Plaintiff And Mentall Ill Inmates In Hand Cuffs And

Not Being Allowed To See what The Medical Nurse Placed In Their Mouth

At Medication Time Made Defendant Major "Retaliate" At

Medical Rounds of Nurse Marry Ann On March 29, 2019

Which Is why Major Panched Plaintiff Medication Out of His Hand And

Used The Metal Chuck Hole Slot As A Weapon To Attack Plaintiff

See Count 1-3 And Exhibit 2

20 Major Actions Made Him Liable And Constituted

A "Retaliation" First Amendment violation

of The U.S.C.

# Negligent Spoliation of Evidence Claim Count 5

A. Defendant (Taylor) Is A Internal Affairs Officer At The Menard Institution. One Of His Duties Is To Investigate MisConduct Of Inmates And I.D.O.C. Employees. 1. On March 30 or 31, 2019 Defendant Taylor Initiated A Prea Complaint Filed By Plaintiff. 2. Plaintiff Then Informed Taylor That He Was Assualted By A Officer Major Who Punch Plaintiff Medication Out Of His Hand And Used The Prison Cell Door Metal Chuck Hole Plate As A Weapon To Attempt To Brake Plaintiff Arm, By Slamming The Metal Plate Numerous Times Into Plaintiff Arm. 3. Plaintiff Further Stated That Major Made Inappropriate Sexual Statements To Plaintiff And Made His Pennis Intentially Come Into Contact With Plaintiff Hand During The Assualt 4. Plaintiff Also Informed Taylor That He Swollowed Glass, Metal, Paper Clips And Screws And Held His Left Arm Out Side The Chuck Hole Area And Took

A Metal Object And Cut Him Self Repeatedly For Hours And That Officer Major Witness All Acts. 5. Plaintiff Then Advised Taylor To Review And Preserve All Camera Footage From 6:00PM - 11:00PM On March 29, 2019 From The North 2 Segregation 6th Gallery Unit From Plaintiff N2 6th Gallery 39 Cell. 6. Taylor Then Stated He Is Own His Way To Review The Camera Footage And A Luitenet G His Supervisor Is Down Loading The Camera Footage At This Exact Moment. 7. (1) Taylor Had A Duty To Preserve The Entire Camera Footage From March 29 2019 6:00pm - 11:00pm (2) Taylor Had Access To The Camera Footage (3) Taylor Had A Duty To Inform His Supervisor To Preserve The Camera Footage (4) Taylor Had A Duty To Document That He Request The Camera Footage Be Preserved InStead Taylor Intentionally Allowed The Camera Footage To Be Destroyed To Conceal

Officer Major Entire Conduct From March 29, 2019 6:00 PM - 11:00 PM See Counts 1-3 This Made Taylor Liable And Constituted A Negligent Spoliation of Evidence Claim. See Exhibit 2

9

Bo Defendant (Doe) White Male Is A Internal Affairs officer At The Menard Institution. One of His Duties Is To Investigate Misconduct of Inmates And I.D.O.C. Employees. 1o On March 30 or 31 2019 Defendant Doe Intitiated A Prea Complaint Filed By Plaintiff 2o Doe Was Accompained With Defendant Taylor Plaintiff Then Informed Defendant Doe Of All The Facts That He Disclosed To Defendant Taylor See Paragraph A 1-7 Above In This Complaint Count 5 3o(1)After Plaintiff Personally Informed Doe To Preserve The Entire Camera Footage From March 29,2019 6:00 PM-11:00 pm He Had A Duty To Preserve The Entirerty Of The Camera Footage (2) Doe Had Access To The Camera Footage (3) Doe Had A Duty To Inform His Supervisor To Preserve The Camera Footage (4) Doe Had A Duty To Document That He Requested The Camera Footage Be Preserved Instead Doe Intentionally Allowed The Camera Footage To Be Destroyed To Conceal Officer Major Entire Conduct From March 29, 2019 6:00 PM-11:00 pm See Counts 1-3 This Made Doe Liable And Constituted A Negligent Spoliation of Evidence Claim See Exhibit 2.

Co Defendant (Luitenet G) Is A Internal Affairs Supervisor At The Menard Institution. One of His Duties Is To Oversee And Investigate Misconduct of Inmates And I.D.O.C. Employees. 1o On March 30 or 31, 2019 Defendant G Was Notified By His Employees Of The Internal Affair Unit And I.D.OC. Medical And Mental Health Employees Of A Prea Complaint Filed By Plaintiff, 2o On April 7,2019 Plaintiff Sent A Letter To Defendant G Advising Him To Review The Camera Footage And Preserve The Entire Camera Footage From March 29,2019 6:00 PM-11:00 PM North 2 Segregation 6#Gallery 39#Cell Area. Which Will Show That A Officer Major And Other I.D.O.C. Employees Conduct of Assualting Plaintiff And Allowing Him To Harm Himself And Attempt Suicide.

10

30(1) After Defendant G Was Informed By His Employees of Internal Affairs Medical And Mental Health Employees Of The Conduct Alledge In Plaintiff Pres Complaint See Counts 1-3 And After Being Placed on Notice By The Plaintiff On April 7, 2019 To Preserve The Entire Camera Footage From March 29, 2019 6:00 Pm-11:00 Pm He Had A Duty To To Preserve The Entirerty of The Camera Footage (2) G Had Access To The Camera Footage (3) G Had A Duty To Inform His Supervisors To Preserve The Camera Footage (4) G Had A Duty To Document That He Requested The Camera Footage Be Preserved Instead G Intentionally Allowed The Camera Footage. To Be Destroyed To Conceal Officer Major Entire Conduct From March 29, 2019 6:00 Pm-11:00 Pm See Counts 1-3 This Made G Liable And Constituted A Neglignet Spoliation of Evidence Claim   See Exhibit 2

Do Defendant (Frank Lawerence) Is The Warden At The Menard Instituton One Of His Duties Is To Over See The Conduct of Inmates And Menard Employees. 1. On April 7, 2019 Plaintiff Sent Defendant Lawerence A Notice To Preserve The Camera Footage of Officer Major And Doe And Nurse Marry Ann Conduct In Assualting Him And Allowing Him To Attempt Suicide And Turning A Blind Eye To Their Acts. In A Filed Grievance See Exhibit 1   2. ~~Also~~ ~~~~ (1) Defendant Lawerence Had A Duty To Preserve The Camera Footage From March 29, 2019 6:00 Pm-11:00 Pm (2) Lawerence Had Access To The Camera Footage (3) Lawerence Had A Duty To Inform His Supervisor To Preserve The Camera Footage (4) Lawerence Had A Duty To Document That He Requested The Camera Footage Be Preserved Instead Lawerence Intentionally Allowed The Camera Footage To Be Destroyed To Conceal Officer Major Entire Conduct From March 29, 2019 6:00 Pm-11:00 Pm See Counts 1-3 This Made Lawerence Lable And Constituted A Neghgent Spolation of Evidence Claim See Exhibit 2

Eighth Amendment - Rape And Sexual Abuse - Claim Count 6

A. Defendant (Bridges) Is A Luitenet At The Menard Institution One of His Duties Is To Provide safety And Security To Inmates While At The Health Care unit

1. On April 5, 2019 From The Hours of 12:00 PM - 3:00 PM Defendant Took Plaintiff To The 2nd Floor Stair case Area At This Time Bridges With (3) Accompanied Officers Slammed Plaintiff On His Face Then Tore Plaintiff Prison Uniform off Him. Bridges Then Threaten Plaintiff With The Force of Death And Placed His Pennis Inside Plaintiff Throat And Forced Plaintiff To Give Him Oral Sex Untill Bridges EJaculated Semen Down Plaintiff Throat Entering Plaintiff Stomach Area. 2. Bridges Then Drug Plaintiff On His Back And Facial And Body Area In The First Floor Health Care unit, While Plaintiff Entire Pennis Hung Out His Prison Uniform Infront of Numerous Male And Female Medical And Correctional officer Employees 3. Bridges Then Placed Plaintiff In A Wheel Chair With Plaintiff Entire Pennis Exposed And Hanging out His Prison Uniform And Paraded Plaintiff Down Front Street Where Numerous Male And Female officers Medical And I.D.O.C Employees Were Present "Laughing" At Plaintiff Exposed Pennis And Front Body Area In A Wheel Chair With His Hands Cuffed Behind His Back, Defendant Then Rolled Plaintiff In The North 2 Unit Were Numerous Male And Female And I.D.O.C. Employees And Inmates "Laughed" At Plaintiff Pennis Hanging out His Prison Uniform Bridges Then Placed Plaintiff On The North 2 Elevator In Front of The Camera And Accompained With (2) officers As They Laughed At Plaintiff Pennis And Waved At The Camera 4. Bridges Then Drug Plaintiff Down The North 2 5 gallery Front Crisis Area To Plaintiff Crisis Cell N2 5-05. Then Laughed out Loud And Stated Take His Entire Prison Uniform off

12

And Let Every Body Else See Plaintiff Sweet Black Ass.After Officers Strip Plaintiff Naket In Front of All Inmates & officers Forcing Plaintiff With His Face In The Ground And Anus In The Air In Front Of The North 2 5# gallery Unit Cellos Area.

5.  Defendants Actions Made Him Liable And Constituted The Acts of Force Used "Maliciously And Sadistically For The Purpose of Causing Harm Cruel And Unusual Punishment A Eighth Amendment Violation of The U.S.C. See Exhibit

B. Defendant (Wine) Is A Correctional Officer At The Menard Institution And One Of His Duties Is To Provide Safety And Security To Inmates 1. On April 5, 2019 From The Hours of 12:00 PM — 3:00 PM Defendant Took Plaintiff To The 2nd Floor Stair Case Area At This Time Wine With (3) Accompained Male Officers Slammed Plaintiff On His Face Then Tore Plaintiff Prison Uniform Off Him. Wine Then Threaten Plaintiff With The Force Of Death And Placed His Pennis Inside Plaintiff Anus And Penetrated Plaintiff Anus Untill He Ejaculated Semen Inside Plaintiff Anual Area. 2. Defendant Wine Then Proceeded With The Entire Same conduct As Defendant Bridges Stated Above See Paragraph A. 2-4 In This complaint Count 6  3. Defendants Actions Made Him Liable And Constituted The Acts of Force Used "Maliciously And Sadistically For The Purpose of Causing Harm Cruel And Unusual Punishment A Eighth Amendment Violation of The U.S.C. See Exhibit

C. Defendant (Porter) Is A Correctional Officer At The Menard Institution And One of His Duties Is To Provide Safety And Security To Inmates. 1. On April 5, 2019 From The Hours of 12:00 PM — 3:00 PM Defendant Took Plaintiff To The 2nd Floor Health Care Stair Area At This Time Porter With (3) Accompained Male officers Slammed Plaintiff

13

On His Face Then Tore Plaintiff Prison Uniform off Him. Porter Then Threaten Plaintiff with The Force of Death And Placed His Pennis Inside Plaintiff Throat And Forced Plaintiff To Give Him. Oral Sex Untill He Ejaculated Semen Down Plaintiff Throat Entering Plaintiff Stomach Area. After Defendants Bridges And Wine Sexually Assualted Plaintiff Then Porter Carried out His sexual Assualt Accompained with A Defendant Doe. 2o Porter Then Drug Plaintiff On His Back And Facial And Body Area. Io The First Floor Health care Unit While Plaintiff Entire Pennis Hung Out His Prison Uniform Infront of Numerous Male And Female Medical And Correctional Officer Employees. Porter Then Placed Plaintiff In A wheel chair Cuffed With His Hands Behind His Back And Allowed Plaintiff Pennis To Be Exposed Hanging out His Entire Prison Uniform Ass He Laughed Out Loud. 3o Defendants Actions Made Him Lisble And Constituted The Acts Of Forced used "Malicisouly And Sadistically For The Purpose of Causing Harm Cruel And Unusual Punishment A Eighth Amendment Violation of the USCo See Exhibit Z

Do Defendant (Doe) Is A Correctional Officer At The Menard Institution And One of His Duties Is To Provide Safety And Security To Inmates 1o On April 5, 2019 From The Hours of 12:00 Pm-3:00 Pm Defendant Took Plaintiff To The 2nd Floor In The Health care unit stair case Area At This Time Doe Accompained with (3) Officers Slammed Plaintiff on His Face Then Tore Plaintiff Prison Uniform OFF Him. Doe Then Threaten Plaintiff with The Force of Death And Placed His Pennis Inside Plaintiff Anus And Penetrated Plaintiff Anus untill He Ejaculated Semen Inside Plaintiff Anual Area 2o Defendant Doe Then Proceeded With The Entire Same Conduct As Defendant Bridges Stated Above See Paragraph Ao 2-4 In This Complaint Count 6 3o Defendant Actions Made Him Lisble

14

And Constituted The Acts of Force Used "Maliciously And Sadistically
1    For The Purpose of Causing Harm Cruel And Unusual Punishment A <u>Eighth</u>
Amendment Violation of The U.S.C <u>See Exhibit 2</u>

Eighth Amendment-Failure To Intervene - Claim Count 7
Ao    On April 5, 2019 After Defendant (Bridges) Participated And
Observed His Co-Workers Rape And Sexual Abuse Acts Against Plaintiff
See Count 6 of This Complaint 1o Bridges Actions And Failing To Intervene
To Stop His Co-workers From The Acts of Force Used "Maliciously And Sadistically
For The Purpose of Causing Harm Made Him <u>Liable</u> And Constituted Failure To
Intervene Cruel And Unusual Punishment Deliberate Indifference A <u>Eighth</u>
Amendment Violation of The U.S.C. <u>See Exhibit 2</u>

Bo    On April 5, 2019 After Defendant (Wine) Participated And observed
His Co-workers Rape And Sexual Abuse Acts Against Plaintiff See
Count 6 of This Complaint 1o Wine Actions And Failing To Intervene To
Stop His Co-workers From The Acts of Force Used "Maliciously And Sadistically
For The Purpose of Causing Harm Made Him <u>Liable</u> And Constituted Failure To
Intervene Cruel And Unusual Punishment Deliberate Indifference A <u>Eighth</u>
Amendment Violation of The U.S.C. <u>See Exhibit 2</u>

Co    On April 5, 2019 After Defendant (Porter) Participated And Observed
His Co-workers Rape And Sexual Abuse Acts Against Plaintiff See Count 6
of This Complaint 1o Porter Actions And Failing To Intervene To Stop
His Co-workers From The Acts of Force Used "Maliciously And Sadistically
For The Purpose of Causing Harm Made Him <u>Liable</u> And Constituted
Failure To Intervene Cruel And Unusual Punishment Deliberate Indifference
A <u>Eighth</u> Amendment Violation of The U.S.C. <u>See Exhibit 2</u>

15

On *print Do Defendant (Doe) Participated And Observed His Co-workers Rape And Sexual Abuse Acts Against Plaintiff See Count 6 Of This Complaint. To Doe Actions And Failing To Intervene To stop His Co-workers From The Acts of Force Used "Malicisouly And Sadistically For The Purpose of causing Harm Made Him Liable, And Constituted Failure To Intervene Cruel And Unusual Punishment Deliberate Indifference A Eighth Amendment violation of The USC See Exhibit 2

Eo On April 5, 2019 After Defendant Sergeant (Jones) Participated And Observed His-Co-workers Use Excessive Force And Sexual Abuse Acts Against Plaintiff See Count 6 And 8 of This Complaint. To Jones Actions And Failing To Intervene To stop His Co-workers From The Acts of Force Used "Malicisouly And Sadistically For The Purpose of Causing Harm Made Him Liable And Constituted Failure To Intervene Cruel And Unusual Punishment Deliberate Indifference A Eighth Amendment Violation of The USC See Exhibit 2

Fo On April 5, 2019 After Defendants (Doe's) Participated And Observed His Co-workers Use Excessive Force And sexual Abuse Acts Against Plaintiff See Count 6 And 8 of This Complaint. To All Doe's Actions And Failing To Intervene To Stop His Co-Workers From The Acts of Force Used "Malicisouly And Sadistically For The Purpose of causing Harm Made Him Liable And Constituted Failure To Intervene Cruel And unusual Punishment Deliberate Indifference A Eighth Amendment violation of The USC See Exhibit 2

Go On April 5, 2019 After Defendant (D.R. Levey) Observed Correctional Officers Use Excessive Force And sexual Abuse

16

Acts Against Plaintiff See Count 6 And 8 of This Complaint.
1o DR.Levey Actions And Failing To Intervene To Stop Correction
Officers From The Acts of Force Used "Maliciously And Sadistically

For The Purpose of Causing Harm To A Known Serious Mentally Ill Inmate
In A Fragile State Who Safety She Was In Change of over Seeing At That
Moment Made Her Liable And Constituted Failure To Intervene Cruel And
Unusual Punishment Deliberate Indifference A Eighth Amendment Violation of The
USC See Exhibit 2

Eighth Amendment-Excessive Force- Claim Count 8

Ao   Officer Sergeant (Jones) Is A White Male Correctional Officer
At The Menard Institution. One of His Duties Is To Provide Safety & Security
To Inmates. 1o Through The Hours of April 5, 2019   12:00ᴾᴹ-3:00ᴾᴹ
Pm In The North 2 Infirmarry Area And North 2 5ᵗʰ gallery Front Crisis Area
Jones And Numerous Officers See Count 6 of This Complaint Drug
Plaintiff Down The Gallery Then Slammed Plaintiff on His Face Pushing His
Face In To The Concrete Laughing out Loud Then Tearing Plaintiff
Entire Prison Uniform off Him Untill Plaintiff Was Laying on The
Gallery Naket Infront of Male And Female I.D.O.C. Employees And
Prison Inmates Then Drug Plaintiff Entire Body on The Floor In To
A Prison cell Then Lifting And Yanking Plaintiff Entire Body off
The Ground In A Attempt To Brake His wrist 2o Jones Actions
Made Him Liable And Constituted A Excessive Force Cruel And unusual
Punishment Eighth Amendment violation of The USC
See Exhibit 2

17

Do Officers(Does)Are Whitemale Correction officers At The Menard Institution. One of Their Duties Is To Provide safety And Security To Inmates. 1o Through The Hours of April 5, 2019 12:00pm - 3:00pm In The North Infirmarry Area And North2 5gallery front Crisis Area Does And Officers See Count 6 of This Complaint Drug Plaintiff Down The Gallery Then Slammed Plaintiff On His Face Pushing His Face Into The Concrete Laughing out Loud Then Tearing Plaintiff Entire Prison Uniform off Him Untill He was Laying on The Gallery Naket In front of Male And Female I.D.O.C. Employees And Prison Inmates Then Drug Plaintiff Entire Body On The Floor Into A Prisoncell Then Lifting And Yanking Plaintiff Entire Body off The Ground In A Attempt To Brake His Wrist 2o Does Actions Made Them Lisble And Constituted Excessive Force Cruel And unusual Punishment Eighth Amendment Violation of The U.S.C. See Exhibit 2

Eighth Amendment - Deliberate Indifference To Serious Medical Needs
Claim  Count 9
Ao  On Apri15, 2019 Through The Hours of 12:00pm - 3:00pm After Being Raped Sexually Abused, Assualted By All Defendants See Counts 6 And 8 Plaintiff verbally Informed All Defendants That He Requested Medical Attention And To File A Prea Complaint, Do To Having Anual And Throat Pain After Being sexually Assualted And Do To His wrist And Ankle Area Being Bruised Cut And Bleeding From Being Yanked And Drug Around And Face al Head Back And Chest And Elbow And Body Areas Having Bruised Burning Areas From Being Drug And Slammed on concrete All Defendants Denied Plaintiff Medical Attention

Which Made All Defendants Liable For Their Conduct
1. Defendants (Bridges) (Wine) (Porter) (Does) (DR, Levey,
(Jones) 2. All Defendants Acts Constituted Deliberate
Indifference To Serious medical Needs Cruel And Unsual
Punishment A Eighth Amendment Violation of The U.S.C See Exhibit

Bo) On April 7, 2019 Plaintiff Filed A "Emergency" Grievance
To Defendant Warden (Frank Lawerence) Requesting To File
A Prea Complaint After Being Sexually Assualted And Medical
Attention Do To The Sexual Assualt See Exhibit 8
1. After Lawerence Was Placed On Notice That Plaintiff
Required Medical Attention After Being Sexually Assualted on
April 5, 2019 And Refused To Provide Plaintiff with Medical
Attention Made Him Liable For Being Deliberate Indifference To
Plaintiff Serious Medical Needs 2. Lawerence Acts Constituted
Deliberate Indifference To Serious Medical Needs Cruel And
Unusual Punishment A Eighth Amendment Violation of The U.S.C
See Exhibit 2

Negligent Spoliation Of Evidence Claim Count 10

Ao) Defendants Are Correctional officers And Mental
Health Doctor's Who Were Trained Through I.D.O.C
Manuals And Prea Eductional Manuals On The Methods
Of Preservating "Evidence" After A Sexually Assualt
Has Taking Place And With This Traning And Knowledge
All Defendants (1) Had A Duty To Preserve DNA
Or Any Type Of Sexual Assualt Evidence (2) After

19

Participating or observing And Personally Being Informed
By The Plaintiff That He Had Been Sexually Assualted
(3) Defendants Intentionally Destroyed Evidence
By Refusing To Provide Plaintiff with The

The Standards of Medical Attention And Methods That I t
Would Have Took To Preserve Evidence That would Have Been
Discovered Had They Provide Him Medical Attention See Count
9 of This Complaint (4) Defendants Also Had A Duty To Documen
t The Sexual Assualt of Plaintiff on April 5, 2019 12:00PM - 3:00PM
1. Do To Defendants (Porter)(Wine)Bridges) (D.R. Levey) (Does)
(Jones) Acts Made Them Liable   And Constituted A
Neligent Spolstion of Evidence Claim See Exhibit 2

B.   Defendant (Luitenet G) Is A Internal Affairs
Serpervisor At The Menard Institution. One of His Duties
IS To Investigate Misconduct of Inmates And I.D. OC. Employees
1.   On April 7, 2019 Plaintiff Sent A Letter  To Defendant
G Advising Him To Review And Preserve The Camera Footage From
April 5, 2019 12:00PM - 3:00PM North 2 Unit North2 Elvator And
North 2 5th gallery Crisis Front Unit 5 cell Area DO TO plaintiff
Being Sexual Assualted. (1) G Had A Duty To Preserve The Entire
Camera Footage of April 6 2019 12:00PM - 3:00PM (2) G Had
Access To The Camera Footage (3) G Had A Duty To Inform His
Supervisor To Preserve Camera Footage (4) G Had A Duty To
Document That He Requested The Camera Footage Be Preserved
Instead G Intentionally Allowed The Camera Footage
To Be Destroyed To Conceal Defendants conduct in Count 6
And 8 This Made G Liable And Constituted A Neglegent Spoliation of Evidence Claim
2.0

See Exhibit 2

G) Defendant (Frank Lawerence) Is The Warden At The
Menard Institution one of His Duties Is To Over see
The Conduct of Inmates And Menard Employees

1. On April 7, 2019 Plaintiff Sent Defendant Lawerence A Notice
To Preserve The Camera Footage of officer's sexual assualting
Plaintiff On April 5, 2019 12:00 PM - 3:00 PM North 2 unit North 2
Elvator North 2 5th gallery Crisis Front Cell 5   See Exhibit 8

2)(1) Defendant Lawerence Had A Duty To Inform His Supervisor
To Preserve The Camera Footage (2) Lawerence Had A Duty To Preserve
The Entire Camera Footage From April 5, 2019 12:00 PM - 3:00 PM (3)
Lawerence Had Access To The Camera Footage (4) Lawerence Had
A Duty To Document He Request The Camera Footage Be Preserved
Instead Lawerence Intentionally Allowed The Camera Footage
To Be Destroyed To Conceal Officers Sexually Abusing
Plaintiff  See Counts 6 And 8 This Made Lawerence Liable
And Constituted A Neligent Spoliation of Evidence claim
See Exhibit 2

V           Exhaustion of Legal Remedies
Plaintiff used The Menard Grievance Procedure By
(1)  Having His Crisis Watch officer Write (2) Grievances
regarding Menard Employees Conduct on
March 29, 2019 And April 5, 2019 . On April 7, 2019
Plaintiff Grievance were Wrote By officer And submitted
Through Grievance Process See Exhibit 7-8
After Being Interviewed By Intel Female officer on
April 12 2019 She Informed Me She Never Received Nor
Was Record Of Plaintiff Grievances Be submitted
21

grievance procedure And Do To Men and officials Destroying His Filed April 7, 2019 (2) Submitted grievances Regaurding Officers conduct on March 29, 2019 And April 5, 2019 Plaintiff Has Exhausted His grievance procedure

VI                      Legal claims

Plaintiff re allege and incorporate by reference paragraph 1-7 The Excessive Force, Failure To Intervene, Deliberate Indifference To Serious medical Needs And Medical Needs of Suicide, Retaliation, Spoliation of Evidence, negligent Rape & Sexual Abuse, Violated Plaintiff Rights and constituting Cruel and Unusual Punishment, Illinois State Negligent Claim Retaliation Under The Eighth, First Amendment of the USC The plaintiff has no adequate or Complete remedy at law to redress the wrongs described here in plaintiff has been and will continue to be irreparably in Jured by the conduct of defendants unless this court grants the declaratory and injunctive relief Which Plaintiff Seeks.

VII                     Prayer for Relief

Where Force Plaintiff respectfully prays that this court enter Judgment granting Plaintiff A declaration that the Acts and omissions described here in violated plaintiff rights under the constitution and laws of the United States A preliminary and permeanant injunction ordering defendants to (1) Create A Policy to preserve The Entire 365 days out of the year and Entire 24 Hours out of the 365 Day of the year Entire And All I.D.O.C Camera footige's On A Seperate Hand Drive To Be Permeanantly Stored. (2) Order All men and Employees To wear Body Camer as (3) Order that All I.D.O.C employees Who are Found guilty in a Civil or Criminal trial for Any Constitutional violation Be Fired. (4) Order any I.D.O.C employee Who is convicted By a Judge or Jury in a civil trial for money damages Personally Pay Money damages And court And All Attorney fees. Compensatory 10,000,000 million against each defendant Jointly and Severally Punitive damage 10,000,000 million against each defendant A Jury trial on all issues triable

22

by Jury Plaintiff Cost in this suit any additional relief this court deems Just proper and equatiable Date 4/15/19 Po Box 711 Kaskaskia street menard IL 62259

## verification

I have read the fore going complaint and here by verify that the matters alleged therein are true except as to matters alleged on information and belief and as to those I believe them to be true. I certify under penalty of perJury that the fore going is true and correct Executed at menard EL on 4/15/19 15/ ~~~~~ Steven Dlisle JR

Exhibit

1 Litigation
2 Declaration
3 Summary report
4 Disciplinary report
5 AAG Response
6 Disciplinary report
7 Grievance
8 grievance

Litigation   Exhibit 1

Any Facts From previous complaint involved NCH ✓

Other Federal Law suits yes ☑

1. No 15cv965 Lisle v Butler 8th amend Deliberate Indifference
2. No 18cv1736 Lisle v Goldmen 8th amend Deliberate Indifferen
3. No 19 cv Lisle v Saloomoore 8th amend excessive Force
4. No 16cv421 Lisle v Butler 8th amend Excessive force pending
5. No 16cv422 Lisle v Butler 8th amend Deliberate Indifference pending
6. NO 17cv1488 Lisle v Baldwin 8th amend Long term Confinement pending
7. No 17cv1158 Lisk v Baldwin 8th amend Deliberate Indifference pending
8. No 18cv Lisle v Renzi 1st Amend Retaliation pending
9. No 18cv1176 Lisle v Fox 8th amend Deliberate Indifference pending
10. No 18cv1171 Lisle v Davis 8th amend Excessive force pending
11. No 18cv 1103 Lisle v Dillion 8th amend excessive force pending
12. No 17cv 1577 Lisle v Smith 8th Amend excessive force pending
13. No 17cv 1354 Lisle v Hudsall 8th amend Inhumane conditions pending
14. No 17cv 1327 Lisle v Prentice 8th amend Failure to protect pending
15. No 17cv 1507 Lisle v Prentice 1st Amend Retaliation pending
16. No 18cv1226 Lisle v Prentice 8th amend Sexual assault pending
17. No 16cv 4212 Lisle v Minsky 8th amend sexual Assault pending
18. No 17cv 1335 Lisle v Fike 8th amend excessive force pending
19. No 17cv 1336 Lisle v Melvin 8th amend excessive force pending
20. No 17cv 1530 Lisle v Ruskin 8th amend excessive force pending
21. No 18cv 1253 Lisle v Prentice 8th amend Failure to Protect pending
22. No 18cv 1895 Lisle v Prentice 8th amend sexual Harrassing pending
23. No 18cv 1396 Lisle v Prentince 8th amend excessive force pending



18

Exhibit 2

LISLE V G ~~~~~ NO _____ ~~~~~

Declaration of StevenDLisleJr#R40159

I State That All Information Started In Complaint Are True And Correct And TRO ARe True And correct

I Declare under Penalty Of PerJury That all the above Information Is True And correct Executed at Menard IL 62259

4/15/19

Steven D Lisle Jr

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

**Name:** LISLE, STEVEN D          **IDOC Number:** R40159          **Race:** BLK

**Hearing Date/Time:** 12/21/2018  09:26 AM     **Living Unit:** MEN-N2-05-08     **Orientation Status:** N/A

**Incident Number:** 201801784/1 - MEN          **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 12/17/2018 | 201801784/1-MEN | MAJOR, MATTHEW E | NORTH 2 CELLHOUSE | 07:25 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 202 | Damage Or Misuse of Property | Guilty |
| 215 | Disobeying a Direct Order Essential to Safety and | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

**No Witness Requested**

### RECORD OF PROCEEDINGS
Offender appeared before the committee for charges and plead guilty stating "I broke the handcuff."

### BASIS FOR DECISION
Based on the observation of the reporting employee, while assigned to 7 Gallery in the North 2 Cell House and helping with the Segregation med pass on 6 Gallery. Inmate Lisle, Steven R40159 who resides in cell 6+-32, received his medication and the R/O closed the door and attempted to remove the mechanical wrist restraints. Inmate Lisle suddenly pulled inward and upward on the restraints in an attempt to break free from the R/O's control of the lead cuff. The R/O maintained control of the lead cuff. Inmate Lisle continued to pull away from the R/O, causing a link that attached the lead cuff and lead handle to break at the solder joint. The R/O gave Inmate Lisle a direct order to place his hands out of the chuck hole so the restraints could be removed and Inmate Lisle refused. Sgt.Vanover was notified. Sgt. Vanover gave Inmate Lisle a direct order to place his hands out of the chuck hole which was refused. Lt. Engelage arrived at Inmate Lisle's cell and gave him a direct order to place his hands out of the chuck hole so the restraints could be removed, Inmate Lisle complied and the restraints were removed. Lt. Engelage then gave Inmate Lisle a direct order to pass the broken link out of the chuck hole. Inmate Lisle complied and all the broken pieces were accounted for. The broken lead was secured in the General Division Armory for repair. Chain of command notified.
Inmate Lisle, Steven R40159 was identified by State ID and Offender 360.
Committee finds inmate guilty based on information provided and accepts the written report to be factual account of the incident and is satisfied the violations occurred as reported.
Committee finds inmate guilty based on the admission of guilt by the offender.

### DISCIPLINARY ACTION *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 3 Months C Grade | 3 Months C Grade |
| 3 Months Segregation | 3 Months Segregation |
| 3 Months Commissary Restriction | 3 Months Commissary Restriction |

**Basis for Discipline:** Nature of offense

### Signatures
**Hearing Committee**

| | Signature | Date | Race |
|--|-----------|------|------|
| SCHOENBECK, JOSHUA A  - Chair Person | | 12/21/18 | WHI |
| BERNARD, JUAN J | | 12/21/18 | HSP |

Recommended Action Approved

**Final Comments:** N/A

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** LISLE, STEVEN D      **IDOC Number:** R40159      **Race:** BLK

**Hearing Date/Time:** 12/21/2018   09:26 AM      **Living Unit:** MEN-N2-05-08      **Orientation Status:** N/A

**Incident Number:** 201801784/1 - MEN      **Status:** Final

---

JACQUELINE A LASHBROOK / JAL  1/2/2019                       01/02/19

     Chief Administrative Officer                     Signature                     Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

                                                1.11.19      1468

     Employee Serving Copy to Committed Person                     When Served -- Date and Time



Exhibit A

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Disciplinary Report

Menard C.C.
Facility                                    Date: 1/7/19

**Type of Report:**
☒ Disciplinary   ☐ Investigative

Offender Name: Lisle, Steven                    ID #:  R40159

Observation Date: 1/7/19   Approximate Time: 7:55  ☐ a.m. ☒ p.m.   Location:  North 2 – Cell 5-08

**Offense(s): DR 504:**  215- Disobeying a Direct Order Essential to Safety and Security

**Observation:** (NOTE: Each offense identified above must be substantiated.)  On the above date and approximate time, while assigned to 5 Gallery in the North 2 cell house, this R/O was assisting the below named staff in escorting I/M Lisle (R40159) from the North 2 infirmary to cell 5-08, where he resides. Upon placing I/M Lisle in the cell and closing the cell door, this R/O gave I/M Lisle a direct order to place his hands out of the chuck hole so that the cuffs could be removed. I/M Lisle refused and suddenly began pulling inward toward the back of the cell in an attempt to break free from this R/O's grip of the lead cuff handle. This R/O gave I/M Lisle a direct order to stop pulling away and place his hands out of the chuckhole. I/M Lisle refused. This R/O was able to maintain grip of the lead cuff handle and gave I/M Lisle an additional direct order to stop pulling away and put his hands out. I/M Lisle then placed his hands out of the chuck hole and the cuffs were removed. Chain of command notified. I/M Lisle identified by state I.D. card and O360.

Witness(es): Lt. J. Engelage #10347, Sgt. Walker #3287, C/O Major #6393, C/O B. Edwards #5125

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| | | | | ☐ a.m. |
|---|---|---|---|---|
| C/O T. Brooks | 12808 | | 1/7/19 | 8:55  ☒ p.m. |
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

### Disciplinary Action:

**Shift Review:** ☒ Temporary Confinement   ☐ Investigative Status   Reasons: _____

_____  _____
Printed Name and Badge #                    Shift Supervisor's Signature                    Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer   Comment: _____

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

_____                    _____
Print Reviewing Officer's Name and Badge #          Reviewing Officer's Signature          Date

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

_____                    _____
Print Hearing Investigator's Name and Badge #      Hearing Investigator's Signature        Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and relevant, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

_____                    _____
Offender's Signature                            ID#

_____                    _____
Serving Employee (Print Name)   Badge #       Signature

_____   _____   ☐ a.m. ☐ p.m.
Date Served          Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____                    _____
Offender's Signature                            ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____   _____   _____
Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

Distribution:   Master File
                Offender
                Facility (2)

Printed on Recycled Paper                    DOC 0317 (Rev. 2/2007)

Exhibit
05



# OFFICE OF THE ATTORNEY GENERAL
## STATE OF ILLINOIS

**KWAME RAOUL**
ATTORNEY GENERAL

January 22, 2019

Steven Lisle, #R-40159
Menard Correctional Center
Inmate Mail/Parcels
P.O. Box 1000
Menard, Illinois  62259

     Re:   <u>Lisle v. Goldman</u>, Case #18-1736

Dear Mr. Lisle:

    You recently informed the Court that you were mailing a letter to Assistant Attorney General Sierra Senor-Moore, which contained samples of your blood and a powder you believed to be poisonous. [Doc 54]. Our office received a letter from you on January 18, 2019, which we believe was the letter you described. In the interest of safety, our investigators destroyed the envelope and its contents. If the letter contained legal information, please resubmit that information in a letter that does not contain any hazardous materials.

                      Sincerely,

                      *Christopher Higgerson /dmd*

                      Christopher Higgerson
                      Assistant Attorney General
                      Bureau Chief, General Law Bureau Springfield

CH:dmd

                    \* Dictated by Attorney, but not read.
                    Signed by Secretary to expedite.

500 South Second Street, Springfield, Illinois 62701 • (217) 782-1090 • TTY: (877) 844-5461 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (800) 964-3013 • Fax: (312) 814-3806
601 South University Ave., Carbondale, IL 62901 • (618) 529-6400 • TTY: (877) 675-9339 • Fax (618) 529-6416

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Disciplinary Report**

SMI - yes   N° 2-10

Date: 3-10-19

**Type of Report:** ☒ Disciplinary   ☐ Investigative

Menard CC
Facility

Offender Name: Steven Lisle   ID#: R40159

Observation Date: 3-10-19   Approximate Time: 445 ☐a.m. ☐p.m.   Location: North 2   2-10

Offense(s) DR 504: 215 Disobeying A Direct order Essental to safety and securi

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time while walking the med tech in North 2 on 2 gallery, this RO Put mechanically restraints on inmate Lisle (R40159) at cell 210. This RO grabbed a hold of the 10 inch lead cuff to take Lisle out of his cell to administer his meds. Inmate Lisle wanted his meds to be floated and crushed. Inmate Lisle is not currently on a float and crush status. While informing inmate Lisle he is not able to recieve his medication through float and crush he pulled this RO's hand into the cell and grabbed the lead cuff away from the RO. This RO ordered inmate Lisle to return the cuffs multiple times and Lisle refused.

Witness(es): Sgt Leposky 9242   Lt Demond 7614

☒ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe facts, observations or witnesses.

| Co Mifflin | 3436 | Co Mifflin | 3-10-19 | 600 | ☒a.m. ☐p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement   ☐ Investigative Status   Reasons: Nature of offense

Maj Rowland 4575   Maj W 4575   3-10-19
Printed Name and Badge #   Shift Supervisor's Signature   Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer   Comment: I Concur

☒ Major Infraction, submitted to Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Maj D. Everitt #647   M W   3-10-19
Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date

☐ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

**Procedure Applicable to all Hearings on Investigative and Disciplinary Reports.**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature _____ ID# _____

Serving Employee (Print Name) _____ Badge # _____ Signature _____

Date Served _____ Time Served _____ ☐a.m. ☐p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____ ID# _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report _____ Print offender's name _____ ID# _____

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

Page _____ of _____
Printed on Recycled Paper

Distribution: Master File
Offender
Facility (2)

DOC 0317 (Rev. 2/2007)

Exhibit

State of Illinois · · Department of Corrections
**DISCIPLINARY REPORT/SUMMARY**
(Continuation Page)

Page 2 to 2

☑ Disciplinary Report   ☐ Disciplinary Summary

Committed Person: Steven Lisle                    No. R40159

Offense Date: 3-10-19  Time: 445 am/pm  Location: N2  Facility: Menard CC

This RO notified Sgt Leposky (9242). Sgt Leposky gave multiple orders to inmate Lisle to return the Cuffs and Lisle refused. Sgt Leposky then notified Lt Demond, Lt Demond gave multiple orders to inmate Lisle to return the Cuffs and Lisle refused. Lt Demond the notified Major Rowland, Upon arriving on the scene Major Rowland ordered inmate Lisle to give the Cuffs up in which inmate Lisle complied and returned the Cuffs. Chain of Command was notified, and Offender was Id by State Id and Offender 360.

COPY

Housing Unit: _Mod 2_   Bed #: _5-05_

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 4-7-19 | Offender: (Please Print) _Steven Cork_ | ID#: _R40159_ |

| Present Facility: _Menard_ | Facility where grievance issue occurred: _Menard_ |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify):
- [ ] Restoration of Good Time
- [X] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ____/____/____    _____
                          Date of Report              Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

_Staff Major on 2nd shift March 29, 2019 used excessive force, slamming my head in the chuck hole causing me to bleed. Also Major then CO Major, Ch Dma assaulted me Swallow glass, Screws, and paper clips. This refused me medical attention. Left me w/ my arm outside chuck hole and allowed me to cut myself for the next 3 hours. I requested PREA to internal affairs. RN Smith refused to send me out for medical treatment. Both 1st & 8th Amend rights violated. Cruel and unusual punishment and retaliation and deliberate indifference to serious medical needs. I request all camera footage to be saved from 6pm-11pm. IA was informed to save all footage from 6pm-11pm._

Relief Requested: _Medical attention, Warden to save camera footage on March 29, 2019 6pm-11pm. Money damages - 3 million Transfer_

- [X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

| _SL_ | _R40159_ | _4_ / _7_ / _19_ |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | ____/____/____ Date of Response |

---

### EMERGENCY REVIEW

| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | ____/____/____ Date |

Housing Unit: *North 2*   Bed #: *5-05*

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

offender was on crisis watch. CO Haley R052 assisted in report writing

COPY

Exhibit
8

Housing Unit _North 2_  Bed #: _5-05_

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 4-2-19 | Offender: (Please Print) _Strug Lisle_ | ID#: _R40159_ |
| --- | --- | --- |
| Present Facility: _Menard_ | Facility where grievance issue occurred: _Menard_ | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify): _____
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ___/___/___  Date of Report _____ Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): _April 5, 2019 from 11am-3pm, I request the Camera footage be Saved. North 2 5 Gallery Coke wash area, North 2 showers, North 2 building, Cameras footage be Saved. I seek to file PREA. I was severely assaulted and violated. My Const 8 Amend & 1st Amend. Cruel and unusual punishment Retaliation_

Relief Requested: _Work to Save video footage, Money damages - Smillion dollars._

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
- [ ] Check if this is NOT an emergency grievance.

_SZ_ Offender's Signature    _240159_ ID#    _4-7-19_ Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name _____  Counselor's Signature _____  Date of Response ___/___/___

### EMERGENCY REVIEW

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____  Date ___/___/___

Housing Unit: _16742_   Bed #: _5-D5_

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

Offender on crisis watch. I to Dtl 2847 asserted in writing agent

US Dist Court Southern Dist of Illinois

Steven D Lisie JR #B40157 ) NO. _____
                vs     Plaintiff )
        Luitenet G          )
            Defendant      )

## Memorandum of Law In Support of Plaintiff Complaint

Responsible for Conduct <u>Burke v Roemich</u> 581,3d 592 596 Page 1-23

Retaliation <u>Bridges v Gilbert</u>, 557 F3d 541, 537 (7th cir 2009) Page 7-9

Grievance - A remedy can be unavailable to a prisoner if the prison does not respond to the Grievance or uses misconduct to prevent a Prisoner from exhausting his resources it is clear that an inmate is not required to appeal his grievance if he submits grievance to the prop prep authorities but never receives a response <u>Dole v chandler</u>, 4 58 F3d 804, 507 7th cir 2006 <u>Walker v Shaham</u> 526 F3d 804, 809 (7th cir 2000) Page 21-22

Illinois State law for negligent spoliation of Evidence <u>Boyd v Travelers</u> Insco 652 NE2d 247,273 (Ill 1995) Page 9-11 and, 19-21

Sexual Abuse by staff - Holding that sexual abuse or rape by staff is malicious and sadistic by definition because there is no legitimate purpose for it <u>Rikey volk- Long</u> 282 F3d 592 8th cir 2002) Page 12-15 and 17-18

Failure To Intervene - Law enforcement officers may be held liable not only for using excessive force but for failing to intervene when others are doing so. This principle first asserted in police cases; applies equally in prisons and jails, <u>Randall v Prince Georges County</u>, Md. 302 F3d 188 263-04 (4th cir 2002) <u>Smith v Mensinger</u> 293 F3d 641, 650 (3d cir 2002)

Plaintiff Contends, and this court agrees that the duty to intercede is "heightened" in g prison setting where the state restrained an individual's liberty to such a degree that he can no longer care for or protect him self. <u>Jackson v Austin</u>, 241 F supp 2d 1373 1322-23 C D Kan 2003) See also <u>Davis v Rennie</u>, 264 F. 3d 86.98, 102 (1st cir 2002) (applying rule to mental patients) <u>Smith v Mensinger</u> 293 F3d 41 651 (The duty to up hold the the law does not turn upon an officers Rank <u>Byrd v Brishke</u> 466 F2d at 10-11 we reject the argument that the force Administered by each defendant in this collective beating must be analyzed separately to determine which of the defendants blows if any used excessive force <u>Miller v Smith</u> 220 F3d 415 49 (7th cir 2000)

<u>See Pages 4-5 And 15-17</u>

Excessive force or unnecessary force by Police or Prison staff violates the constituti and may be remedied by damages Wright vs Sheppard, 919 F2d 665, 669-73 (11th cir 1963)

See Page 3-4 And 17-18

USC 8th Amend Cruel and unusual Punishment

Berry v Peterman 604 F3d 435, 439 (7th cir 2010 :

Estelle v Gamble 429 US 97 104 c 1976

Borello v Allison, 446 F3d 742 747 (7th cir 2006)

Bentam v Tobias 2   Sz 680 F3d 954 (7th cir 2012

Perez v Fenoglio 792 F3d 768 781-767 (7th cir 2015

Sanville v Mcaughtey 266 F3d 724 733 (7th cir 2001

Washington v Laporte County Sheriff's Dept 306 F.3d 95, 318 (7th cir 2002

Pittman ex rel, Hamilton v County of medica 111 746 F 2d 766 775 (7th cir 2d14)

Estate of miller v Tobies 2,

Hall v Ryan 957 F2d 12 406 (7th cir 1992) See Pages 1-23



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

RECEIVED APR 1 6 2019

### ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Lisle                                    R40159

Name                                     ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?        Yes or No

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?        Yes or No

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?        Yes or No

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted:        43

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| — Jurisdiction & Venue | 23 |
| — Summons | 1 |
| — Exhibits | 13 |
| — Memorandum of Law In Support of Plaintiff's Complaint | 2 |
| — Motion For Appointment of Counsel & Exhibit | 3 |
| — Motion For Leave To Proceed Informa Pauperis | 1 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.