# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEVEN D. LISLE, R-40159,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-00427-SMY |
| | ) |
| **LIEUTENANT G,** | ) |
| **FRANK LAWRENCE,** | ) |
| **UNKNOWN PARTY - 1,** | ) |
| **TAYLOR,** | ) |
| **NURSE MARRYANN,** | ) |
| **LIEUTENANT BRIDGES,** | ) |
| **WINE,** | ) |
| **OFFICER PORTER,** | ) |
| **SERGEANT JONES,** | ) |
| **DR. LEVEY and** | ) |
| **JOHN/JANE DOES,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Steven Lisle, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with a physical assault by staff on March 29, 2019 and a sexual assault by staff on April 5, 2019. (Doc. 1, pp. 1-39). He asserts claims under the First Amendment, Eighth Amendment, and Illinois state law. (*Id*.). Plaintiff seeks declaratory judgment and money damages and requests a preliminary and permanent injunction requiring constant video surveillance of Menard staff and inmates, preservation of all footage on a hard drive, and employment termination of any officer found guilty of constitutional violations. (*Id*. at pp. 1, 22)

1

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As part of the screening process, the Court must also consider whether any claims in the Complaint are improperly joined in the action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-22): Plaintiff is a seriously mentally ill ("SMI") inmate with a well-documented history of suicide attempts involving the ingestion of sharp objects. His struggles to obtain mental health and medical treatment are the subject of ongoing litigation in this District. (*Id*. at p. 25) (listing cases).

### *Physical Assault - March 29, 2019*

On March 29, 2019, Plaintiff was physically assaulted by an unknown major (Unknown Party – 1) (hereinafter "Major Doe") and an unknown officer ("Officer Doe") in retaliation for filing a lawsuit to challenge the manner in which his medication was administered.[1] (*Id*. at pp. 3-7). As Nurse MarryAnn handed Plaintiff his medication through the chuckhole door, Major Doe and Officer Doe slammed the door, "punch[ing]" the medication from his hand, and nearly breaking his arm in the process. Plaintiff's arm was cut, bruised, and bloody. (*Id*. at p. 3).

All three defendants denied Plaintiff adequate medical treatment for his injuries. (*Id*. at pp.

---

[1] The suit involves a claim against Nurse Chitty for allegedly lacing Plaintiff's medication with rat poison and placing it directly into his mouth while he was cuffed and unable to inspect it. (*Id*. at pp. 7-8). The nurse is not a defendant in this action, and Plaintiff asserts no claims against her in the Complaint. *See Lisle, Jr. v. Senor-Moore, et al.*, No. 19-cv-00163-NJR (S.D. Ill.).

2

6-7). In addition to the injuries he sustained during the staff assault, Plaintiff suffered self-inflicted injuries. The three defendants were aware that Plaintiff was recently taken off of suicide watch and was still in a "fragile" mental state. They observed Plaintiff use sharp metal objects to cut his arm until it bled and swallow available glass, paper clips, metal, and screws until he coughed up blood. Even so, they refused to provide him with access to medical care or mental health treatment on March 29, 2019. (*Id*.). Internal Affairs Officer Taylor, Internal Affairs Officer Doe, Lieutenant G, and Warden Frank Lawrence were aware of Plaintiff's intention to file a complaint about the incident but failed to preserve video footage from March 29, 2019. (*Id*. at pp. 9-11).

*Sexual Assault – April 5, 2019*

On April 5, 2019, Lieutenant Bridges, Officer Wine, Officer Porter, Sergeant/Officer Jones, and several unknown officers ("Officer Does") took Plaintiff to the second-floor staircase and slammed him on his face as they tore his uniform from his body. (Doc. 1, pp. 11-17). One by one, they sexually assaulted him[2] under threat of death and/or failed to intervene as other defendants did the same. (*Id*. at pp. 12-13). They then dragged Plaintiff to the health care unit ("HCU"), where they forced him to sit in a wheelchair partially dressed and fully exposed. With his hands cuffed behind his back and his genitalia exposed to officers and inmates alike, the defendants "paraded" Plaintiff down "Front Street" to Menard's North 2 Unit (5-Gallery) and into a crisis cell. As they did so, they violently yanked his cuffs until his wrists bled. (*Id*. at pp. 17-18). Once in 5-Gallery, Lieutenant Bridges ordered Plaintiff to remove his entire uniform and let everyone see his "sweet black ass." (*Id*. at p. 13). Officers then stripped Plaintiff and forced him to place his face on the ground and his buttocks in the air in view of officers and inmates. (*Id*.). Doctor Levey observed the incident but failed to intervene or stop the malicious and sadistic

---

[2] The allegations are explicit and disturbing. Plaintiff alleges that the defendants each forced their penises into his mouth and/or buttocks until they "ejaculated semen. . . ." (*Id*. at pp. 12-13).

3

conduct. (*Id*. at p. 17).

Lieutenant Bridges, Officer Wine, Officer Porter, Sergeant/Officer Jones, Officer Does, Doctor Levey, and Warden Lawrence denied Plaintiff medical care and/or mental health treatment for his injuries. (*Id*. at pp. 18-19). Warden Lawrence and Lieutenant G failed to preserve DNA and other evidence of the sexual assault when Plaintiff filed a complaint pursuant to the Prison Rape Elimination Act ("PREA"). (*Id*. at pp. 19-20).

## Discussion

In accordance with Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following Counts:

> **Count 1:** First Amendment retaliation claim against Major Doe for physically assaulting Plaintiff on March 29, 2019 in retaliation for filing a lawsuit against Nurse Chitty. (Doc. 1, pp. 4, 7-8).
>
> **Count 2:** Eighth Amendment excessive force claim against Major Doe and Officer Doe for slamming Plaintiff's hand in the chuckhole door and attempting to break his arm on March 29, 2019. (Doc. 1, pp. 4, 7-8).
>
> **Count 3:** Eighth Amendment claim against Nurse MarryAnn for failing to intervene to stop Major Doe and Officer Doe from using excessive force against Plaintiff on March 29, 2019. (Doc. 1, pp. 4, 7-8).
>
> **Count 4:** Eighth Amendment deliberate indifference claim against Major Doe, Officer Doe, and Nurse MarryAnn for denying Plaintiff medical and/or mental health treatment for the injuries they inflicted and he self-inflicted on March 29, 2019. (Doc. 1, pp. 6-7).
>
> **Count 5:** Illinois state law claim against Internal Affairs Officer Taylor, Internal Affairs Officer Doe, Lieutenant G, and Warden Lawrence for negligent spoliation of video footage of the physical assault that occurred on March 29, 2019. (Doc. 1, pp. 9-11).
>
> **Count 6:** Eighth Amendment claim against Lieutenant Bridges, Officer Wine, Officer Porter, Sergeant/Officer Jones, and Officer Does for using excessive force against Plaintiff, sexually assaulting him, and/or failing to intervene and protect him from sexual assault in the second-floor staircase at Menard on April 5, 2019. (Doc. 1, pp. 12-13).
>
> **Count 7:** Eighth Amendment claim against Lieutenant Bridges, Officer Wine, Officer Porter, Sergeant/Officer Jones, and Officer Does for maliciously and sadistically forcing

4

Plaintiff to move from Menard's HCU to a crisis cell partially nude and fully exposed as inmates and prison officials watched and laughed on April 5, 2019. (Doc. 1, pp. 12-18).

**Count 8:** Eighth Amendment claim against Lieutenant Bridges for forcing Plaintiff to strip nude, place his face on the ground, and stick his buttocks up in plain view of male and female staff and other inmates on April 5, 2019. (Doc. 1, p. 13).

**Count 9:** Eighth Amendment claim against Lieutenant Bridges, Officer Wine, Officer Porter, Sergeant/Officer Jones, Officer Does, Doctor Levey, and Warden Lawrence for denying Plaintiff medical or mental health treatment following the assault on April 5, 2019. (Doc. 1, pp. 18-19).

**Count 10:** Eighth Amendment claim against Doctor Levey for failing to intervene to protect Plaintiff from the staff misconduct that occurred at Menard on April 5, 2019. (Doc. 1, p. 17).

**Count 11:** Illinois state law claim against Warden Lawrence and Lieutenant G for negligent spoliation of DNA and other evidence of the assault on April 5, 2019. (Doc. 1, pp. 19-20).

**Any claim not identified above but encompassed by the allegations in the Complaint shall be considered dismissed without prejudice for failure to satisfy the *Twombly* standard.**

### Severance: Counts 1 through 5

District courts have a duty to apply the permissive joinder rule in Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

In this case, Plaintiff's claims fall into two distinct groups: (1) Counts 1 through 5 - claims arising from an alleged staff assault on March 29, 2019; and (2) Counts 6 through 11 - claims arising from an alleged sexual assault on April 5, 2019. The two groups of claims are not transactionally-related and involve different defendants. And because *all* of the defendants are not properly joined, Counts 1 through 5 cannot proceed with Counts 6 through 11. *See* FED. R. CIV.

P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Therefore, the Court will exercise its discretion and sever Counts 1 through 5 against Major Doe, Officer Doe, Nurse MarryAnn, Taylor, Internal Affairs Officer Doe, Lieutenant G, and Warden Lawrence into a separate action with a newly-assigned case number. Counts 1 through 5 will be screened in the severed case pursuant to 28 U.S.C. § 1915A, only if Plaintiff chooses to proceed with the severed action. Counts 6 through 11 against Lieutenant Bridges, Officer Wine, Officer Porter, Sergeant/Officer Jones, Doctor Levey, Officer Does, Lieutenant G, and Warden Lawrence will remain in this action and are subject to preliminary review below.

### Section 1915A Review: Counts 6 through 11

### Counts 6 - 10

The Eighth Amendment prohibits cruel and unusual punishment, including the use of excessive force by prison guards against inmates without penological justification. U.S. CONST. amend. VIII; *Wilkins v. Gaddy*, 559 U.S. 34 (2010). A claim may arise in this context even when the force results in only *de minimus* injuries. *Id*. The relevant question is whether the force "was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Plaintiff's allegations suggest that he was subjected to force carried out in a malicious and sadistic manner when he was sexually assaulted and paraded to a crisis cell on April 5, 2019.

The Eighth Amendment also imposes a duty on prison officials to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). This includes the obligation to protect inmates from violence at the hands of other inmates or

prison staff. *Farmer*, 511 U.S. at 833-35. To state a claim based on the failure to protect an inmate, a plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm to his health or safety, and the defendants acted with deliberate indifference. *Id*. Here, Plaintiff states a colorable deliberate indifference claim against the defendants named in connection with Counts 6 through 10, based on their alleged failure to protect him from sexual assault and unauthorized force on April 5, 2019.

With regard to Count 9, the denial of medical care or mental health treatment may also support an Eighth Amendment claim when a plaintiff demonstrates that: (1) he suffered from an objectively serious medical condition (objective element); and (2) the defendants acted with deliberate indifference to the substantial risk of harm to his health (subjective element). *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). Plaintiff complains of physical and psychological trauma in connection his alleged assault on April 5, 2019 and sets forth sufficient allegations to support a deliberate indifference claim against the defendants named in Count 9.

### Count 11

A claim for spoliation of evidence is treated as a negligence claim under Illinois law. *Duran v. Town of Cicero*, 653 F.3d 632, 644 (7th Cir. 2011) (citation omitted); *see also Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509-510 (7th Cir. 2007) (stating "negligent spoliation is not itself an independent tort but rather a type of negligence."). To state such a claim, the plaintiff must demonstrate that (1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages. *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 27 (Ill. 2012). Generally, in Illinois, "there is no duty to preserve evidence," but a duty may

arise (1) by agreement, contract, statute, special circumstance, or voluntary undertaking, if (2) a reasonable person should have foreseen that certain evidence was material to a potential civil action. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 269-70 (Ill. 1995). In the Complaint, Plaintiff alleges that Warden Lawrence and Lieutenant G failed to preserve DNA and possibly other (video footage) evidence after he filed a PREA complaint. These allegations suggest that special circumstances existed which a reasonable person should have foreseen as necessitating the preservation of evidence. Count 11 will therefore proceed against Lieutenant G and Warden Lawrence.

## Identification of Unknown Defendants

Plaintiff will be allowed to proceed in this action with Counts 6, 7, and 9 against "Officer Does" and Count 11 against "Lieutenant G." However, these defendants must be identified with particularity before service of the Complaint can be made on them. Plaintiff will have an opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. Warden Lawrence is already named in his official capacity and shall respond to discovery aimed at identifying these unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint. Failure to do so will result in dismissal of the unknown defendants from this action.

## Pending Motions

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and Motion for Recruitment of Counsel (Doc. 3) will be addressed in a separate order in this case and in the severed action (if Plaintiff chooses to proceed with the severed case).

### Preliminary Injunction

The Clerk of Court is **DIRECTED** to **ADD** a Motion for Preliminary Injunction *in this action*, based on Plaintiff's Request for this relief in the Complaint. (Doc. 1, p. 22). However, Plaintiff did not file a separate motion in support of the request or set forth the reasons he is entitled to this relief under Rule 65(a) of the Federal Rules of Civil Procedure--as it pertains to the sexual assault and related constitutional deprivations that occurred on April 5, 2019. Therefore, if Plaintiff wishes to pursue the Motion, he must file a brief in support of the motion for preliminary injunction within thirty (30) days (**on or before May 20, 2019**). **Failure to do so by this deadline will result in dismissal of the motion without prejudice.**

Should Plaintiff file a Brief in Support of the Motion for Preliminary Injunction as directed by the Court, Defendant(s) will then have fourteen (14) days to file any Response to the Motion for Preliminary Injunction.

If more immediate relief is necessary, Plaintiff may file a separate Motion for Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure at any time during the pending action.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1, 2, 3, 4,** and **5** are **SEVERED** into a new case, which shall be captioned: **STEVEN D. LISLE, Jr., Plaintiff vs. FRANK LAWRENCE, LIEUTENANT G, UNKNOWN PARTY – 1 (MAJOR DOE), TAYLOR, NURSE MARRYANN, OFFICER DOE, AND INTERNAL AFFAIRS OFFICER DOE, Defendants**.

In the new case, the Clerk is **DIRECTED** to file the following documents:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) Motion to Appoint Counsel (Doc. 3); and

4) This Memorandum and Order Severing Case.

The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **UNKNOWN PARTY – 1 (MAJOR DOE), TAYLOR,** and **NURSE MARRYANN** as parties to *this action* in CM/ECF.

**IT IS FURTHER ORDERED** that the <u>**only claims remaining in this action**</u> are **COUNTS 6, 7, 8, 9, 10,** and **11** against Defendants **FRANK LAWRENCE, LIEUTENANT G., LIEUTENANT BRIDGES, WINE, OFFICER PORTER, SERGEANT/OFFICER JONES, DR. LEVEY,** and **OFFICER DOES**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **STEVEN D. LISLE, Jr., Plaintiff vs. FRANK LAWRENCE, LIEUTENANT G., LIEUTENANT BRIDGES, WINE, OFFICER PORTER, SERGEANT/OFFICER JONES, DR. LEVEY, and OFFICER DOES.**

**IT IS HEREBY ORDERED** that **COUNTS 6, 7, 8, 9, 10,** and **11** survive screening and are subject to further review as follows:

- **COUNTS 6** and **7** will receive further review against Defendants **BRIDGES, WINE, PORTER, JONES,** and **DOES**;

- **COUNT 8** will receive further review against Defendant **BRIDGES**;

- **COUNT 9** will receive further review against Defendants **BRIDGES, WINE, PORTER, JONES, LEVEY, LAWRENCE,** and **DOES**;

- **COUNT 10** will receive further review against Defendant **LEVEY**; and

- **COUNT 11** will receive further review against Defendants **LAWRENCE** and **LIEUTENANT G**.

As to **COUNTS 6, 7, 8, 9, 10,** and **11**, the Clerk of Court shall prepare for Defendants **FRANK LAWRENCE, LIEUTENANT BRIDGES, WINE, OFFICER PORTER, SERGEANT/OFFICER JONES, DR. LEVEY, LIEUTENANT G. (once identified),** and **OFFICER DOES (once identified):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order Severing Case to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendants **OFFICER DOES** until such time as Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* motion is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: April 19, 2019**

s/ STACI M. YANDLE
**United States District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**