IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN D. LISLE, JR.,            )
                                 )
        Plaintiff,               )
                                 )
        v.                       )        Case No. 19-cv-427-RJD
                                 )
FRANK LAWRENCE, et al.,          )
                                 )
        Defendants.              )

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

The matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust

Administrative Remedies (Doc. 37) filed by Defendant Dr. Eva Leven.[1]   For the following

reasons, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff Steven Lisle, Jr., an inmate in the custody of the Illinois Department of Corrections

("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights

were violated while he was incarcerated at Menard Correctional Center ("Menard").   Following

threshold review, Plaintiff proceeds in this case on the following claims:

> **Count 6:**   Eighth Amendment claim against Lieutenant Bridges, Officer Wine, Officer
> Porter, Sergeant/Officer Jones, and Officer James Shemoney for using
> excessive force against Plaintiff, sexually assaulting him, and/or failing to
> intervene and protect him from sexual assault in the second-floor staircase at
> Menard on April 5, 2019.
>
> **Count 7:**   Eighth Amendment claim against Lieutenant Bridges, Officer Wine, Officer
> Porter, Sergeant/Officer Jones, and Officer James Shemoney for maliciously
> and sadistically forcing Plaintiff to move from Menard's HCU to a crisis cell
> partially nude and fully exposed as inmates and prison officials watched and
> laughed on April 5, 2019.

---

[1] The Clerk of Court is DIRECTED to update the docket to correct the spelling of Defendant Dr. Levey to Dr. Eva
Leven.

**Count 8:**    Eighth Amendment claim against Lieutenant Bridges for forcing Plaintiff to strip nude, place his face on the ground, and stick his buttocks up in plain view of male and female staff and other inmates on April 5, 2019.

**Count 9:**    Eighth Amendment claim against Lieutenant Bridges, Officer Wine, Officer Porter, Sergeant/Officer Jones, Officer James Shemoney, Doctor Levey, and Warden Lawrence for denying Plaintiff medical or mental health treatment following the assault on April 5, 2019.

**Count 10:**    Eighth Amendment claim against Doctor Levey for failing to intervene to protect Plaintiff from the staff misconduct that occurred at Menard on April 5, 2019.

**Count 11:**    Illinois state law claim against Warden Lawrence and Lieutenant Gee for negligent spoliation of DNA and other evidence of the assault on April 5, 2019.

Defendant Leven filed a motion for summary judgment asserting Plaintiff failed to properly exhaust his administrative remedies as to the claims against her in Counts 9 and 10 prior to filing this lawsuit (Doc. 37). Plaintiff filed a Response[2] (Doc. 46). Defendant filed a Reply (Doc. 49).

The Court reviews the following relevant grievance contained in the record.

**April 7, 2019 (Doc. 46-1)**: The nature of this grievance is marked as "staff conduct" and "medical treatment." The grievance summary states in its entirety:

> April 5, 2019 from 11 am – 3 pm, I request the camera footage be saved. North 2, 5 Gallery crisis watch area, North 1 elevator, North 2 building, camera footage to be saved. I seek to file PREA. I was sexually assaulted and violated. My constitutional 8 Amend. & 1st Amend. Cruel and unusual punishment. Retaliation.

(Id.). The relief requested was that the Warden save the video footage and for money damages in the amount of three million dollars. The grievance was marked as an emergency. A note on

---

[2] Plaintiff timely filed a Response on November 4, 2019 (Doc. 39). Plaintiff then sought, and was granted, leave to file a Declaration which was submitted along with the Amended Response (Doc. 46) on November 12, 2019.

Page 2 of the grievance states, "Offender on crisis watch. I CO DM_8609 assisted in writing report" (Id. at 2).[3]

There is no indication the grievance was ever received by IDOC staff.

The Court need not review any grievance dated after April 16, 2019, the date this suit was filed as exhaustion of administrative remedies is a prerequisite to filing suit.

After a careful review of the arguments and evidence set forth in the parties' briefs regarding the issue of exhaustion, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most

---

[3] Plaintiff does not assert anything was left out of the contents by the CO that assisted in drafting it.

favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final

determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## ANALYSIS

Defendant Leven is a licensed psychologist employed at Menard. Leven contends Plaintiff failed to file, let alone exhaust, any grievance regarding his claims Leven denied him medical or mental health treatment following the assault on April 5, 2019, or failed to intervene to protect Plaintiff from staff misconduct on April 5, 2019. Additionally, Defendant Leven asserts grievances filed by Plaintiff on April 18, 2019 and April 29, 2019 did not exhaust his administrative remedies as they were filed after suit was filed on April 16, 2019.

Plaintiff argues that because the April 7, 2019 grievance was not contained in Plaintiff's IDOC grievance file it was either not processed or intentionally destroyed by IDOC officials. Plaintiff further argues if IDOC had conducted an investigation into the allegations contained in the April 7, 2019 grievance, they would have discovered who Plaintiff encountered that day and what medical appointments he had. Plaintiff makes further argument regarding grievances filed

on April 18, 2019 and April 29, 2019.

The Court need not consider any grievances filed after April 16, 2019 as exhaustion of administrative remedies is a prerequisite to filing suit. The April 7, 2019 grievance is the only relevant grievance dated prior to suit being filed. Plaintiff's arguments regarding the filing and processing of the April 7, 2019 grievance are only relevant if the grievance addressed the claims at issue against Leven, which is not the case. The April 7, 2019 grievance does not name or identify by title or description Defendant Leven. There is nothing in the substance of the grievance that would serve to put IDOC on notice of Plaintiff's claims regarding a lack of medical or mental health treatment by Defendant Dr. Leven. Further, while the grievance states Plaintiff was sexually assaulted, there is nothing in the grievance to indicate Defendant Leven was aware of the sexual assault or failed to intervene. The purpose of the exhaustion requirement is to provide IDOC an opportunity to resolve Plaintiff's issues prior to suit being filed. The contents of the April 7, 2019 grievance were not sufficient to put IDOC on notice of any complaints against Defendant Leven. Defendant Leven is entitled to summary judgment on Counts 9 and 10 for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendant Leven (Doc. 37) is **GRANTED**, and Plaintiff's claims against Defendant Leven are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:   January 3, 2020**

_s/_ _Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**